**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-51188
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON RUBIO-MARCHAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:08-CR-1858-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ramon Rubio-Marchan appeals the 36-month sentence he received following his guilty plea conviction of illegal reentry in violation of 8 U.S.C. § 1326(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He argues that the sentence is greater than necessary to meet the goals in 18 U.S.C. § 3553(a) and specifically that, in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the presumption of reasonableness does not apply to his within-guidelines sentence, because the illegal reentry guideline, U.S.S.G. § 2L1.2, is flawed in that it is not supported by "empirical data and national experience." Rubio-Marchan additionally contends that the guidelines produce unwarranted disparities because of the random availability of "fast track" programs.

As Rubio-Marchan concedes, the argument that his sentence is unreasonable because it results in an unwarranted disparity among defendants to whom the "fast track" program is available and those to whom it is not is foreclosed by circuit precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Accordingly, this court need not consider it further.

We have consistently rejected the "empirical data" argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts independently to analyze the empirical grounding of each guideline. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *pet. for cert. filed* (June 24, 2009) (No. 08-11099). Because the sentence is within the advisory guidelines range of 30 to 36 months, it is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). Rubio-Marchan has not shown sufficient reason for this court to disturb that presumption. *See Gomez-Herrera*, 523 F.3d at 565-66.

The judgment is AFFIRMED.